**COMMODITY FUTURES TRADING COMMISSION, Plaintiff,**

v.

**LINCOLNWOOD, INC. and Robert S. Novick, Defendants.**

**No. 80 Civ. 3103 (KTD).**

United States District Court,
S.D. New York.

June 19, 1984.

As Amended June 20, 1984.

Kenneth M. Raisler, Gen. Counsel, Whitney Adams, Deputy Gen. Counsel, Helen G. Blechman, Washington, D.C., Patricia A. McGovern, New York City, of counsel, for Commodity Futures Trading Com'n.

Lovell & Westlow, New York City, for defendants; Christopher Lovell, Victor E. Stewart, George F. Brammer, New York City, of counsel.

## MEMORANDUM AND ORDER

KEVIN THOMAS DUFFY, District Judge:

After a bench trial that I held in February 1984, I denied plaintiff Commodity Futures Trading Commission's ("CFTC's") request for a permanent injunction against defendants Robert Novick and Lincolnwood, Inc. ("Lincolnwood"). *See CFTC v. Incomco, Inc. (Lincolnwood),* 580 F.Supp. 1486 (S.D.N.Y.1984). Familiarity with that opinion is assumed. Defendants now move for attorney's fees pursuant to the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412(d)(1)(A). For the reasons that follow, defendants' motion is granted.

CFTC initiated this action on June 2, 1980, against Incomco, Inc., Philip Smith, Lincolnwood, and Novick. The basis for the action was defendants' alleged denial of access to requested books and records in violation of the Commodity Exchange Act, 7 U.S.C. §§ 6g, 6i, and the appurtenant regulations. Smith and Incomco consented to entry of a permanent injunction. Novick and Lincolnwood, however, vigorously opposed the action, and with good reason. After a one-day trial that I held on February 16, 1984, I denied CFTC's permanent injunction request, finding its claim patently meritless.

The EAJA provides that a party prevailing against the United States in a civil action "shall" recover their attorney's fees and costs incurred in the action unless the United States carries its burden of establishing that its litigation position "was substantially justified or that special circumstances make an award unjust." *Id.* The test is essentially one of the reasonableness, *see Environmental Defense Fund v. Watt,* 722 F.2d 1081, 1085 (2d Cir.1983), of the government's litigation position, *see Boudin v. Thomas,* 732 F.2d 1107 at 1115–16 (2d Cir.1984).

Defendants assert that while CFTC may have been justified initially in pursuing this action, at a certain point it became clear that further action against the two remaining defendants was without substantial justification. I agree.

With respect to CFTC's efforts against Novick, I find that the following facts must have been readily apparent to plaintiff at least as early as Novick's deposition on April 28, 1982. Novick, a young and inexperienced junior employee in Lincolnwood's two-person New York branch office, was unaware of the regulations giving CFTC access to Lincolnwood's books and records. He had been instructed by Lincolnwood's head office to confer with Philip Smith on matters with which he was unfamiliar, and he did so in this instance.

Smith directed Novick to deny the CFTC access unless they provided a written request. Upon learning that demanding such a written request was unlawful, Novick eventually provided the documents to which he has access in the New York office.

Furthermore, as I pointed out in my February 29, 1984 opinion, there is little chance of any potential misconduct in the future by Novick. 580 F.Supp. at 1490. Novick eventually provided the documents to which he had access in the New York office. Novick is no longer with Lincolnwood, and though still employed by a futures commission merchant he does not handle records and is in no position to obstruct CFTC's future access to necessary documents. He was not a wilful violator of the regulations; he admitted his error and testified credibly that he would not repeat it, while the CFTC offered no evidence to the contrary. These facts were known to the CFTC at least as early as Novick's deposition. At that point CFTC's attempt to obtain a permanent injunction against Novick was not substantially justified; CFTC certainly has not carried its burden of proving otherwise.

Plaintiff's assertion that special circumstances might justify their continuing pursuit of a permanent injunction must also be rejected. The CFTC's desire to catch unscrupulous brokers trying to destroy or falsify records, as well as generally to deter record-keeping violations is laudable, and their efforts to protect the public and the commodity markets are not herein disparaged. However, this court will not sanction any and all means to that end. Novick's minor and unrepeated infraction did not merit the CFTC's continued interest in and pursuit of a permanent injunction against him.

As for CFTC's claims against Lincolnwood itself, the incidents that plaintiff offered as illustrative of Lincolnwood's potential for future violations, distinct from the incident involving Novick, are thoroughly unimpressive. A late response to an audit request, which CFTC admits took them several weeks to complete and in-

volved a vast number of documents, did not imply a strategy of delaying tactics. Lincolnwood's president's improper failure to turn over his own personal trading cards also was insignificant. Essentially, he resisted due to an understandable reluctance to reveal his personal trading position to competitors, and was advised by his attorney that his actions were legal. Furthermore, under Ira Kuhlik's control, Lincolnwood has a record of over 9,000 compliances with requests for access to documents.

The CFTC was willfully obtuse if they did not realize that Lincolnwood did not act with any intention of subverting the CFTC's record-keeping functions. At least by the time I denied plaintiff's motion for summary judgment on March 23, 1983, it should have abandoned its effort to obtain a permanent injunction against Lincolnwood. In short, plaintiff has not carried its burden of proving its position was substantially justified. Because the defendants have voluntarily removed any objection to the amount of attorney's fees requested by lowering their rate to the statutory maximum of $75 per hour plus a cost of living adjustment, they are granted their requested $1,540.13 and $4,453.88 for work on the behalf of Novick and Lincolnwood, respectively.

SO ORDERED.